WAYNE GREENWALD, P.C.
Attorneys for the Debtor,
Jennie A. Moed
475 Park Avenue South - 26th Floor
New York, New York 10016
212-983-1922
Wayne Greenwald

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re

JENNIE A. MOED,

                    Debtor.
------------------------------------------------------------X

Case No.:
17-10706-CGM
Chapter ~~13~~ 11

# DEBTOR'S MOTION TO RETAIN
# WAYNE GREENWALD. P.C. AS COUNSEL TO THE DEBTOR

TO:   HON. CECILIA M. MORRIS
       UNITED STATES BANKRUPTCY JUDGE

Jennie A. Moed, Debtor and Debtor in Possession, (sometimes referred to as the "Debtor"), represents:

1. The Debtor requests that this Court enter orders, pursuant to 11 U.S.C. § 327, authorizing the Debtor to retain Wayne Greenwald, P.C. ("WGPC"), as her attorneys in this case (the "Motion").

## BACKGROUND AND JURISDICTION

2. This case was filed on March 22, 2017, on an emergency basis.

- 1 -

3. Jeffery Sapir was appointed the chapter 13 trustee (the "Trustee").

4. On December 21, 2017, this Court issued its order converting this case from one under chapter 13 to one under chapter 11.

5. The Debtor has been continued in possessing her property and operating her financial affairs as a debtor in possession, pursuant to 11 U.S.C. §§ 1108 and 1109

6. The Debtor is a frail, 68 year-old, widow, whose income consists of social security and rents from property she owns.

7. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and 157.

8. This matter is a "core proceeding" as that term is defined by 28 U.S.C. § 157.

9. This Motion concerns a "public right."

10. This district is the correct district for this Motion, pursuant to 28 U.S.C. § 1408.

## RETAINING WGPC

11. The Debtor wants to retain the law firm of WGPC with offices at 475 Park Avenue South - 26th Floor, New York, New York, 10016 as her attorneys.

12. The Debtor believes that WGPC is well versed in the law on the matters on which it is to be retained and is qualified to perform the services needed by the Debtor in this case.

13. After conferring with Wayne Greenwald, the Debtor believes that WGPC does not hold or represent an adverse interest to the estate, and is a disinterested person.

## SERVICES TO BE RENDERED

14. The Debtor believes it is necessary to retain WGPC to render the following services:

    A.) to assist the Debtor in administering this case;

    B.) making such motions or taking such action as may be appropriate or necessary under the Bankruptcy Code;

    C.) to represent the Debtor in prosecuting adversary proceedings to collect assets of the estate and such other actions as the Debtor deems appropriate;

    D.) to take such steps as may be necessary for the Debtor to marshal and protect the estate's assets;

    E.) to negotiate with the Debtor's creditors in formulating a plan of reorganization for the Debtor in this case.

    F.) to draft and prosecute the confirmation of the Debtor's plan of reorganization in this case.

G.) to render such additional services as the Debtor may require in this case.

## **TERMS OF RETENTION**

15. The Debtor and WGPC agreed to the following terms for WGPC's compensation.

16. WGPC shall bill the Debtor for legal services at its regular hourly rates.

17. These fees range from $600.00 per hour for partners' time, up to $550 per hour for counsels' time, $150 per hour to $400 per hour for associates' time, and $75 - $150 per hour for clerk's and paraprofessionals' time.

18. These fees are subject to change on an annual basis.

19. WGPC shall also be reimbursed for its disbursements incidental to its representing the Debtor in this case.

20. WGPC received no initial retainer in this case.

21. WGPC shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

22. The Debtor consents to WGPC receiving compensation on a monthly basis pursuant to any procedure of this Court permitting WGPC to receive compensation on a monthly basis.

23. The full details and terms of WGPC's retention are stated in the annexed engagement letter agreement between WGPC and the Debtor.

24. The terms of the engagement letter are incorporated herein and made a part of this Motion.

25. The terms stated herein likewise apply to WGPC's services rendered for the Debtor while this case was one under Chapter 13.

26. To the extent the engagement letter conflicts with the order authorizing WGPC's retention, the order's terms control.

27. No prior application has been made for the relief sought herein.

WHEREFORE, it is requested that an order be entered authorizing the retention of Wayne Greenwald, P.C., as the Debtor's attorneys herein, pursuant to the terms stated herein, together with such other and further relief as this Court deems proper.

Dated: New York, New York
January 9, 2018

Jennie A. Moed

By: /s/ Jennie A. Moed
Jennie A. Moed